ARW/aw
n:63kcff

**03-22186**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

**CIV-LENARD**



MAGISTRATE JUDGE
SIMONTON

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

**vs.**

**$63,825.00 IN UNITED STATES
CURRENCY, MORE OR LESS, AND ALL
ACCRUED INTEREST THEREON,**

     **Defendant.**

_____/

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, hereby files this Complaint for Forfeiture In Rem against the above-captioned defendant property, and in support thereof alleges the following:

1.    This is a civil action for forfeiture in rem of the above-captioned defendant property pursuant to Title 21, United States Code, § 881(a)(6), arising from violations of Title 21, United States Code, § 801, et seq.

2.    Jurisdiction is vested in this Court pursuant to Title 28, United States Code, §§ 1345, 1355 and 2461.

3.    This Court has venue pursuant to Title 28, United States Code, §§ 1355(b)(1)

and 1395 because certain acts giving rise to the forfeiture occurred within the Southern District of Florida and because the defendant property is located within the Southern District of Florida and will so remain during the pendency of these proceedings.

4.     The United States seeks forfeiture of the defendant property, $63,825.00, MORE OR LESS, IN UNITED STATES CURRENCY, PLUS ANY AND ALL ACCRUED INTEREST THEREON, pursuant to Title 21, United States Code, § 881(a)(6), on the grounds that the property was furnished, or intended to be furnished, in exchange for controlled substances and/or is proceeds traceable to one or more exchanges of a controlled substance, in violation of Title 21, United States Code, § 801, et seq., and/or was used or intended to be used to facilitate a violation of Title 21, United States Code, § 801, et seq.

## FACTUAL BACKGROUND

5.     During the course of an investigation, agents of the Drug Enforcement Administration ("DEA") learned that Rickey Brownlee had been engaged in narcotics trafficking in the Opa Locka, Florida area from about July 1986 through about early 1998.

6.     In or about January 1998, Rickey Brownlee, and several co-conspirators, were arrested by DEA agents on heroin and cocaine trafficking charges.

7.     On or about February 5, 1999, Rickey Brownlee and certain co-conspirators were charged in a Third Superceding Indictment, inter alia, with conspiracy to distribute cocaine and heroin during the period from about July 31, 1986 to about June 26, 1998, possession with intent to distribute cocaine, and money laundering, in United States v. Rickey Brownlee, et al., Case No. 97-662-Cr-Moore(s)(s)(s).

8.     Investigating agents received information from Roger Thompson, one of

2

Brownlee's co-conspirators, that Rickey Brownlee had some money hidden in a safe at the home of his mother, Lillie Mae Brownlee ("Mrs. Brownlee"), located at 2370 NW 155th Street, in Opa Locka, Florida.

9.      On or about July 13, 1999, DEA agents went to the residence located at 2370 NW 155th Street, and obtained consent from Mrs. Brownlee to search the house.

10.     During the course of the search, the agents located a floor safe in the closet of a rear bedroom of the house.  The safe was locked.

11.     When asked by DEA Special Agent Robert Barrett ("S/A Barrett") if she knew who owned the safe, Mrs. Brownlee stated that she had never seen the safe before.

12.     Mrs. Brownlee further stated that she had no idea what was in the safe.

13.     Mrs. Brownlee gave her consent for the agents to search the safe and its contents, but told agents that she did not have the combination to open the safe.

14.     Prior to any attempts to open the safe, Mrs. Brownlee asked if she could find her husband, John Brownlee ("Mr. Brownlee"), to determine if he knew of the safe or the combination.

15.     Upon his arrival, Mr. Brownlee was shown the safe and was asked by S/A Barrett if he knew the combination for the safe.

16.     Mr. Brownlee stated that he had never seen the safe before and that he did not know the combination for the safe, nor what the safe contained.

17.     Thereafter, DEA Special Agent Vincent Fulton ("S/A Fulton") proceeded to try to unlock the safe.

18.     When initial attempts by S/A Fulton were unsuccessful in unlocking the safe, a professional locksmith was called to assist in unlocking the safe.

3

19.     While the agents were waiting for the locksmith to arrive, S/A Barrett was asked to speak via telephone to an individual identifying himself as Peter Raben, attorney for Rickey Brownlee.

20.     Mr. Raben questioned S/A Barrett about why the DEA agents were in the house and what they were doing.

21.     After S/A Barrett finished speaking with Mr. Raben, Mrs. Brownlee spoke with Mr. Raben.

22.     After hanging up form the telephone conversation with Mr. Raben, Mrs. Brownlee told S/A Barrett that Mr. Raben had asked her to ask the agents to stop the search.

23.     S/A Barrett, in the presence of S/A Sean McDonald and family members, Tinika McIntyre, Janice ElSaleh and Herman Brownlee, then asked Mrs. Brownlee if she wanted the agents to stop the opening and searching of the safe.

24.     Mrs. Brownlee told S/A Barrett to continue trying to open the safe.

25.     Upon the unlocking of the safe by the locksmith, Mr. Mario Fernandez, agents found a tan plastic bag, containing United States currency, and a second tan plastic bag, which also contained United States currency, inside the safe.

26.     Mr. and Mrs Brownlee were asked to view the contents that had been removed from the floor safe.

27.     Mr. and Mrs. Brownlee stated that they had never seen the contents of the safe before and did not know how the items had gotten into the safe.

28.     Upon further inspection, the first plastic bag was found to contain twenty-six (26) bundles of United States currency, while the second plastic bag was found to contain

4

four (4) bundles of United States currency, for a total of thirty (30) bundles of currency.

29.     The currency, in the amount of $63,825.00 in United States currency, obtained from the two plastic bags recovered from the safe on July 13, 1999, comprises the defendant property in this case.

30.     A breakdown of the defendant currency is as follows:

| Denomination | No. of Bills | Amount |
|---|---|---|
| $5 | 225 | $1,125 |
| $10 | 430 | $4,300 |
| $20 | 1300 | $26,000 |
| $50 | 166 | $8,300 |
| $100 | 241 | $24,100 |
| **Total Amount** | | **$63,825** |

31.     On or about September 13, 1999, Rickey Brownlee filed a claim with the Drug Enforcement Administration, in which he alleged that he is the owner of the defendant currency.

32.     Rickey Brownlee was found guilty of, and subsequently sentenced on or about November 9, 1999 for, conspiracy to distribute cocaine and heroin, distribution of cocaine, conspiracy to launder money, money laundering involving drug proceeds, and engaging in monetary transactions in criminally derived property.

33.     By reason of the foregoing, the defendant property has become and is forfeit to the United States of America, pursuant to Title 21, United States Code, § 881(a)(6), because the defendant property was furnished, or intended to be furnished, in exchange for controlled substances and/or is proceeds traceable to one or more exchanges of a controlled substance, in violation of Title 21, United States Code, § 801, et seq., and/or

5

was used or intended to be used to facilitate a violation of Title 21, United States Code, §

801, et seq.

WHEREFORE, Plaintiff United States of America requests that a warrant of arrest

in rem be issued for the defendant property, together with all accrued interest thereon; that

the Court direct all persons having any claim to or interest in the defendant property to

appear and show cause why the forfeiture should not be decreed or suffer default of such

claim or interest; that the Court declare the defendant property condemned and forfeited

to the United States of America for disposition according to law; and that the United States

be granted such other and further relief as this Court deems just and proper, together with

costs and disbursements of this action.

Respectfully submitted,

MARCOS DANIEL JINENEZ
UNITED STATES ATTORNEY

By:   _C. R Walkins_   8/14/03

ARIMENTHA R. WALKINS
ASSISTANT U.S. ATTORNEY
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132-2111
Tel.  (305) 961-9091
Fax:  (305) 536-7599
Fla. Bar No. 0897787
Arimenta.Walkins@justice.usdoj.gov

## **VERIFICATION**

I, Robert B. Barrett, Special Agent of the Drug Enforcement Administration, hereby declare under penalty of perjury as provided by Title 28, United States Code, § 1746, that the foregoing Complaint for Forfeiture In Rem is based upon information known to me, and that the facts alleged therein are true and correct to the best of my knowledge and belief.

EXECUTED, on this 29ᵗʰ day of July, 2003.

ROBERT B. BARRETT
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

7

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**03-22186**

**CIV LENARD**

**MAGISTRATE JUDGE SIMONTON**

## I.(a) PLAINTIFFS

UNITED STATES OF AMERICA

## DEFENDANTS

$63,825.00 in UNITED STATES CURRENCY, MORE OR LESS AND ALL ACCRUED INTEREST THEREON,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Dade 03CV22186 KTA/Simonton

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
ARIMENTH R. WALKINS, AUSA
99 NE 4th Street, Suite 700
(305)961-9091

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: (DADE,) MONROE,  BROWARD,  PALM BEACH,  MARTIN,  ST. LUCIE,  INDIAN RIVER,  OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | B☐✗ 625 Drug Related Seizure of Property 21 USC 881 | | B☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | ☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | B☐ 535 Death Penalty | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

21 USC § 881(a)(6)
Action for forfeiture of currency seized as drug proceeds.

LENGTH OF TRIAL
via 4 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE
August 14, 2003

SIGNATURE OF ATTORNEY OF RECORD
Arimentha R. Walkins, AUSA    *a. R. Walkins*

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____